**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 7 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

COURTNEY M. SCOTT, JR.,

      Petitioner-Appellant,

v.

RON WARD,

      Respondent-Appellee.

No. 98-6377
(W. District of Oklahoma)
(D.C. No. 98-CV-3-A)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **McKAY,** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This case is before the court on Courtney M. Scott's *pro se* application for a certificate of appealability ("COA") and request to proceed *in forma pauperis*

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

on appeal. Scott seeks a COA so that he can appeal the district court's denial of Scott's 28 U.S.C. § 2254 habeas corpus petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that an appeal cannot be taken from a "final order in a habeas corpus proceeding in which the determination complained of arises out of process issued by a State court" unless the petitioner first obtains a COA). To be entitled to a COA, Scott must make "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). Scott can make such a showing by demonstrating the issues raised are debatable among jurists, a court could resolve the issues differently, or that the questions presented deserve further proceedings. *Barefoot v. Estelle*, 463 U.S. 880, 892-893 & n.4. (1983).

In his § 2254 petition, Scott sought to challenge his conviction, upon a plea of guilty, to murder in the first degree after former conviction of three or more felonies. Raising four separate grounds for relief, Scott alleged as follows: (1) his trial counsel rendered ineffective assistance of counsel by allowing him to plead guilty to murder under a statute that had been repealed; (2) the prosecutor violated Scott's due process rights by prosecuting him under a repealed statute; (3) the trial court "erred" in allowing Scott to be convicted under a repealed statute; and (4) he was being illegally confined after being convicted under a repealed statute. Scott's petition was referred to a magistrate judge for preparation of a Report and Recommendation ("R&R") pursuant to 28 U.S.C. §

636(b)(1)(B).  In the R&R, the magistrate recommended that Scott's petition be denied as procedurally barred pursuant to *Coleman v. Thompson*, 501 U.S. 722, 750 (1991), because Scott had failed to raise these claims until his third petition for state post-conviction relief.  Upon *de novo* review, the district court adopted the R&R and further noted that Scott's allegations of error were based on nothing more than a mere "scrivener's error" in the sentencing form used by the state trial court, which error had absolutely no effect on Scott's substantive rights.

This court has undertaken a close review of Scott's application for a COA and appellate brief, the magistrate judge's R&R, the district court Order, and the entire record on appeal.  That review demonstrates that the district court's resolution of Scott's claims is not reasonably debatable, subject to a different resolution on appeal, or deserving of further proceedings.  *See Barefoot*, 463 U.S. at 893 & n.4.  Accordingly, Scott has not made a substantial showing of the denial of a constitutional right and is not entitled to a COA.  *See* 28 U.S.C. § 2253(c)(2).  Scott's application for a COA is hereby **DENIED** for substantially those reasons set out in the magistrate judge's R&R dated August 13, 1998, and the district court Order dated September 14, 1998; this appeal is therefore **DISMISSED**.  Scott's request to proceed *in forma pauperis* on appeal is **DENIED** as moot.[1]

---

[1]Scott's "Motion to Supplement the Record" with materials not before the district court, which materials do not relate to any one of the four issues raised in Scott's § 2254 petition before the district court, is **DENIED**.

-3-

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge